

F I L E D
APR 2 9 2015
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**RONALD A. THARRINGTON, JR.,**

      Petitioner,

v.                                      Civil Action No. **3:14CV720**

**DIRECTOR, VA DEPT. OF CORRECTIONS,**

      Respondent.

### REPORT AND RECOMMENDATION

Ronald A. Tharrington, Jr., a Virginia inmate proceeding *pro se*, filed this petition for habeas corpus under 28 U.S.C. § 2254 (hereinafter "§ 2254 Petition," ECF No. 1) challenging his convictions in the Circuit Court of the City of Chesapeake (hereinafter "Circuit Court"). The matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b).

Upon review of the record before the Court, the Court determines that Tharrington actually challenges two separate judgments of the Circuit Court, although he attempts to mislead the Court to believe that he only challenges a judgment entered on November 17, 2010. (§ 2254 Pet. 2.)[1] Tharrington's lack of candor complicates this Court's review of the action and, ordinarily, the proper course would be to deny the action without prejudice for Tharrington to resubmit as two separate § 2254 Petitions. Nevertheless, in the interest of justice, and because Tharrington's § 2254 Petition is clearly barred by the applicable statute of limitations, the Court reviews his § 2254 Petition as submitted.

---

[1] The Court finds no judgment of conviction in the record dated November 17, 2010.

## A.    Procedural History

### 1.    Jury Convictions

On November 17, 2009, a jury convicted Tharrington of statutory burglary, grand larceny, and larceny with intent to sell, for offenses occurring on January 8, 2009 (hereinafter "Jury Convictions"). *See Commonwealth v. Tharrington*, Nos. CR09-2243, CR09-2244, CR09-2245, at 1 (Va. Cir. Ct. June 17, 2010).   On June 17, 2010, the Circuit Court sentenced Tharrington to an active term of twenty years of imprisonment as recommended by the jury and entered final judgment. *Id.* at 2-3.

Tharrington appealed the Jury Convictions.  On February 28, 2012, the Supreme Court of Virginia refused Tharrington's petition for appeal. *Tharrington v. Commonwealth*, No. 111884, at 1 (Va. Feb. 28, 2012).

### 2.    Guilty Plea Convictions

On November 19, 2009, Tharrington pled guilty[2] to two counts of statutory burglary, two counts of grand larceny, and two counts of larceny of $200 or more with intent to sell or distribute, for offenses occurring on December 31, 2008 and January 12, 2009 ("Guilty Plea Convictions"). *See Commonwealth v. Tharrington*, Nos. CR09-2240 through CR09-2242 and CR09-2496 through CR09-2498, at 1 (Va. Cir. Ct. Aug. 3, 2010).   On August 3, 2010, the Circuit Court sentenced Tharrington to an active term of ten years of incarceration and entered final judgment. *Id.* at 2-3.  Tharrington did not appeal the Guilty Plea Convictions.

### 3.    State Habeas

On March 4, 2013, Tharrington filed a petition for writ of habeas corpus in the Circuit Court seemingly challenging both his Jury Convictions and Guilty Plea Convictions.  Petition for Writ of Habeas Corpus at 1-2, *Tharrington v. Dir., Va. Dep't of Corr.*, No. CL13-587 (Va. Cir.

---

[2] Tharrington pled *nolo contendere* to these charges.

2

Ct. filed Mar. 4, 2013). The Circuit Court denied Tharrington's request to proceed *in forma pauperis* and directed Tharrington to pay the filing fees as directed. *Tharrington v. Dir., Va. Dep't of Corr.*, No. CL13-587, at 1 (Va. Cir. Ct. May 7, 2013). On October 7, 2013, the Circuit Court dismissed Tharrington's habeas petition because he failed to pay the filing fees. *Tharrington v. Dir., Va. Dep't of Corr.*, No. CL13-587, at 1 (Va. Cir. Ct. Oct. 7, 2013).

Tharrington noted an appeal. On May 12, 2014, the Supreme Court of Virginia refused Tharrington's petition for appeal. *Tharrington v. Dir., Va. Dep't of Corr.*, No. 131877, at 1 (Va. May 12, 2014).

On January 6, 2014, while his petition for appeal was pending, Tharrington filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. Petition for Writ of Habeas Corpus at 1, *Tharrington v. Dir. of the Dep't of Corr.*, No 140036 (Va. filed Jan. 6, 2014). On March 11, 2014, the Supreme Court of Virginia dismissed Tharrington's habeas petition as untimely filed pursuant to section 8.01-654(A)(2) of the Virginia Code. *Tharrington v. Dir. of the Dep't of Corr.*, No 140036, at 1 (Va. Mar. 11, 2014) (citing Va. Code Ann. § 8.01-654(A)(2)).

### 4. Federal § 2254 Petition

On October 16, 2014, Tharrington filed the instant § 2254 Petition.[3] Tharrington argues entitlement to relief on the following grounds:

Claim One:  "Ineffective assistance of counsel; failure to investigate." (§ 2254 Pet. 6.)[4]

Claim Two:  "Ineffective assistance of counsel; misleading advice, failure to bring about witness promised testimony." (*Id.* at 7.)

---

[3] The Court deems the § 2254 petition filed on the date Tharrington swears he placed the petition in the prison mailing system. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

[4] The Court corrects the capitalization, spelling, and punctuation in the quotations from Tharrington's submissions.

Claim Three:   "Ineffective assistance of counsel; failure to strike possible bias[ed] jurors." (*Id.* at 9.)

Claim Four:   "Ineffective assistance of counsel; failure to object to prosecutor misconduct, improper statement." (*Id.* at 11.)

Claim Five:   "Ineffective assistance of counsel; involuntary plea, induced by coercion." (*Id.* App'x A, at 1.)

Claim Six:   "Ineffective assistance of counsel; failure to file appeal." (*Id.*)

Claim Seven:   "Cumulative errors; ineffective assistance of counsel, prosecutorial misconduct." (*Id.*)

Respondent has moved to dismiss the action (ECF No. 7). For the reasons that follow, it is RECOMMENDED that the § 2254 Petition be DISMISSED as barred by the statute of limitations.

**B.   Analysis**

    **1.   Statute of Limitations**

Respondent contends that the federal statute of limitations bars Tharrington's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1.   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)**  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)**  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**2.**  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**2.  Guilty Plea Convictions**

**a.  Commencement and Running of the Statute of Limitations**

For the Guilty Plea Convictions, Tharrington's convictions became final on Thursday, September 2, 2010, when the time to note an appeal expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Va. Sup. Ct. R. 5A:6(a) (providing no appeal allowed unless notice of appeal filed within thirty days of final judgment). The limitation period began to run on September 3, 2010 and expired on September 3, 2011. Tharrington failed to file his first state habeas petition until March 4, 2013, more than a year and a half after the expiration of the limitation period. Thus, he lacks entitlement to any statutory tolling. *Deville v. Johnson*, No. 1:09cv72 (CMH/TRJ), 2010 WL 148148, at *2 (E.D. Va. Jan. 12, 2010) (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)). Tharrington does not suggest any plausible basis for a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)-(D) or equitable tolling.

Nevertheless, the Court notes that, in one of his claims, he states that counsel failed to file an appeal of the Guilty Plea Convictions despite Tharrington's desire to appeal. (Mem. Supp. § 2254 Pet. 23-24.)  Out of abundance of caution, the Court construes Tharrington to argue entitlement to a belated commencement of the limitation period based on counsel's failure to appeal. *See* 28 U.S.C. § 2244(d)(1)(D) ("The limitation period shall run from . . . the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.")

Whether a petitioner has exercised due diligence is a fact-specific inquiry unique to each case. *Wims v. United States*, 225 F.3d 186, 190-91 (2d Cir. 2000).  A petitioner bears the burden to prove that he or she exercised due diligence. *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006).  "'Due diligence . . . does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option.'" *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) (quoting *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002)).  Due diligence, however, "at least require[s] that a prisoner make *reasonable* efforts to discover the facts supporting his claims." *Id.*  Moreover, in evaluating a petitioner's diligence, the Court must be mindful that the "statute's clear policy calls for promptness." *Johnson v. United States*, 544 U.S. 295, 311 (2005).

Tharrington argues that, "after sentencing, [he] advised counsel that he wanted to appeal 'everything,' the jury trial, the no contest plea [Guilty Plea Convictions], and the sentencing." (Mem. Supp. § 2254 Pet. 24.)  Once Tharrington requested that counsel file an appeal, it was incumbent upon him to demonstrate that he diligently followed up with his attorney regarding the status of that appeal. *See El-Abdu'llah v. Dir., Va. Dep't Corr.*, No. 3:07CV494, 2008 WL 2329714, at *2-3 (E.D. Va. June 4, 2008).  "[W]hen counsel's communications or lack thereof

6

indicate that something is amiss with a petitioner's appeal, due diligence requires the petitioner to act on that information." *Id.* at *2 (citations omitted). Tharrington provides no indication that he contacted counsel during the thirty days he had to note an appeal after the entry of judgment in his Guilty Plea Convictions on August 3, 2010.[5] Thus, it is unclear whether Tharrington acted with requisite diligence.

Even assuming that Tharrington acted with requisite diligence, counsel's failure to pursue an appeal of the Guilty Plea Convictions was discoverable as of September 3, 2010, when it became part of the public record. *See Green v. Johnson*, 515 F.3d 290, 305 (4th Cir. 2008); *Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003). Although Tharrington possessed the ability to discover his counsel's failure to appeal on September 3, 2010, "to require that he do so ignores the reality of the prison system and imposes an unreasonable burden on prisoners seeking to appeal." *Granger v. Hurt*, 90 F. App'x 97, 100 (6th Cir. 2004) (citing *Wims*, 225 F.3d at 190 n.4). While no "magic number" exists for the time afforded a reasonable prisoner to discover counsel failed to file a promised appeal, a petitioner must offer some evidence that he acted with due diligence. *Ryan v. United States*, 657 F.3d 604, 607–08 (7th Cir. 2011) (citing cases and finding that "a reasonable prisoner may take at least two months . . . to suspect that counsel has dropped the ball, contact counsel or the court, wait for a response, and verify the suspicion"); *see Granger*, 90 F. App'x at 100 (finding petitioner acted with due diligence when he waited two months to inquire about requested appeal). Nevertheless, under the present facts, given counsel's silence, a petitioner acting with reasonable diligence would have contacted the Court of Appeals of Virginia and discovered that no appeal had been filed, at the very latest, within a year

---

[5] Tharrington contends, in letters dated October 12, 2010 and December 6, 2010, that he requested counsel to meet with him in the jail about his appeal. (*See* Mem. Supp. § 2254 Pet. 24 (citing Exs. 3 and 8).) Tharrington provides no indication about whether counsel responded.

following the date his judgment became final, or on September 3, 2011.[6] Accordingly, Tharrington was obliged to file his federal habeas petition by September 3, 2012. 28 U.S.C. § 2244(d)(1)(D). Tharrington failed to file his § 2254 Petition until October 16, 2014.

To the extent Tharrington brings claims challenging his Guilty Plea Convictions, these claims are barred by the statute of limitations.

### 3. Jury Convictions

#### a. Commencement and Running of the Statute of Limitations

For the Jury Convictions, Tharrington's judgment became final on Tuesday, May 29, 2012, when the time to file a petition for a writ of certiorari expired. *See Hill*, 277 F.3d at 704; Sup. Ct. R. 13(1) (requiring that a petition for certiorari should be filed within ninety days of entry of judgment by state court of last resort or of the order denying discretionary review). The limitation period began to run on Wednesday, May 30, 2012, and 278 days of the limitation period elapsed before Tharrington filed his state petition for a writ of habeas corpus on March 4, 2013.

#### b. No Entitlement to Statutory Tolling

To qualify for statutory tolling, an action must be a (1) properly filed (2) post-conviction or other collateral review of (3) the pertinent judgment. 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These rules and laws "usually prescribe, for example, the form of the document, the time limits upon its

---

[6] Tharrington likely knew that no appeal of his Guilty Plea Convictions had been filed by December 6, 2010, at the latest. In the letter dated December 6, 2010, Tharrington wrote, pertaining to his Jury Convictions: "You filed my appeal on Nov. 17, 2010 without visiting me. Why?" (Mem. Supp. § 2254 Pet. Ex. 8.) This letter demonstrates that Tharrington kept abreast of the status of his cases.

8

delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* (footnote omitted) (citing cases).

The Circuit Court dismissed Tharrington's habeas corpus petition because he failed to pay the filing fee. *Tharrington*, No. CL13-587, at 1. Because Tharrington's petition was not properly filed, *see Artuz*, 531 U.S. at 8, Tharrington lacks entitlement to statutory tolling for the period in which he pursued his state habeas petition in the Circuit Court. *See Chilton v. Kelly*, No. 3:10CV871, 2012 WL 5423839, at *2 (E.D. Va. Nov. 6, 2012) (holding that inmate's application for post-conviction relief not properly filed when inmate failed to pay filing fee (citing *Artuz*, 531 U.S. at 8; *Runyan v. Burt*, 521 F.3d 942, 944-45 (8th Cir. 2008); *Phillips v. Culliver*, No. 06-00816-KD-B, 2009 WL 3414280, at *4 (S.D. Ala. Oct. 16, 2009))). Moreover, Tharrington lacks entitlement to any statutory tolling during the pendency of the appeal of the Circuit Court's dismissal of his habeas petition.

The Supreme Court of Virginia also dismissed Tharrington's second habeas petition as untimely filed. *Tharrington*, No 140036 (Va. Mar. 11, 2014). A petition that is denied by a state court as untimely is not "properly filed" within the meaning of the AEDPA. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (citation omitted) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."). Because Tharrington's second habeas petition was not properly filed, *see id.*, Tharrington also lacks entitlement to statutory tolling for the period in which he pursued his untimely habeas petition in the Supreme Court of Virginia.

Accordingly, the limitation period began to run on May 30, 2012, and Tharrington had until May 30, 2013 to file his federal habeas petition. Tharrington failed to file his federal habeas petition until November 16, 2014, nearly a year and half after the limitation period

expired. Neither Tharrington nor the record suggests any plausible basis for a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D) or equitable tolling.

**4.    Actual Innocence**

In his Brief in Response Opposing Motion to Dismiss (ECF No. 11), Tharrington claims that he is actually innocent. (Br. Resp. 2.) While Tharrington fails to specify the convictions of which he claims that he is "actually innocent," the Court discerns that he challenges the convictions stemming from offenses on January 8, 2009—that is, the Jury Convictions. (*See id.* Ex. 1.)

The Supreme Court has recognized actual innocence as a basis for overcoming the expiration of the statute of limitations. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (explaining that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations"). "Claims of actual innocence, whether presented as freestanding ones or merely as gateways to excuse a procedural default, should not be granted casually." *Wilson v. Greene*, 155 F.3d 396, 404 (4th Cir. 1998) (citations omitted).

Here, the Court reviews Tharrington's arguments under the more lenient standard for gateway actual innocence claims, because subscribing to Tharrington's actual innocence claims would permit the Court to consider the merits of his otherwise time-barred habeas petition. A gateway claim requires a petitioner to present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely

10

successful." *Id.*   If a petitioner meets the burden of producing new, truly reliable evidence of his or her innocence, the Court then considers "'all the evidence,' old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under 'rules of admissibility that would govern at trial'" and determines whether the petitioner has met the standard for a gateway claim of innocence. *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327–28). The Court must determine "whether 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Sharpe v. Bell*, 593 F.3d 372, 377 (4th Cir. 2010) (quoting *Schlup*, 513 U.S. at 327–28).   "The Court need not proceed to this second step of the inquiry unless the petitioner first supports his or her claim with evidence of the requisite quality." *Hill v. Johnson*, No. 3:09cv659, 2010 WL 5476755, at *5 (E.D. Va. Dec. 30, 2010) (citing *Weeks v. Bowersox*, 119 F.3d 1342, 1352–53 (8th Cir. 1997); *Feaster v. Beshears*, 56 F.Supp.2d 600, 610 (D. Md. 1999)).   Moreover, "actual innocence" means factual innocence and not just legal insufficiency. *See Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (citations omitted) (internal quotation marks omitted) ("[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence.")

Tharrington vaguely asserts that he is actually innocent of the Jury Convictions.   In support of his claim he provides

> [Counsel] Mr. Kowalksky was grossly ineffective at trial.  Mr. Kowalksy['s] failure to bring about witness['s] promised testimony severely prejudiced petitioner[']s trial because no reasonable juror would not have considered an alibi defense.  Trial counsel knew of this witness testimony, however, failed to "bring the witness back" to testify to the fact she actually saw the petitioner in his own home at the time the burglary was taking place in another city. . . .  Petitioner further asserts that, as her affidavit states, the actual thief (James Armel) came and got Mr. Tharrington (petitioner) whom was at his own home and asked him to ride with him to the pawn shop to get a loan on his playstation.  This fact makes it impossible for petitioner to be the thief.  Because this testimony was unknown by the jury, petitioner Tharrington was convicted of burglary, grand larceny and larceny with intent to sell and sentenced to 20 years.

(Br. Resp. 2-3.)  Tharrington provides an unsworn "witness affidavit" from Nicole Caddy who

states that she saw Tharrington on the morning of January 8, 2009 at 9:00 a.m. and then at "9:45

am [she] was present when another tenant Mr. James Armel asked Mr. Tharrington to ride with

him to the pawn shop to get a loan on his Play station . . . ."  (Br. Resp. Ex. 1, at 1.)  Ms. Caddy

failed to swear to the contents of her affidavit under penalty of perjury; thus, this unsworn

affidavit fails to constitute admissible evidence.[7]  Accordingly, Tharrington directs the Court to

no new reliable evidence of his innocence.  Therefore, he fails to establish that his alleged actual

innocence permits the Court to reach the merits of his time-barred § 2254 Petition.

Moreover, ample evidence exists of Tharrington's guilt of the Jury Convictions (for

burglary, grand larceny and larceny with intent to sell).  As the Court of Appeals of Virginia

aptly found:

> [T]he evidence establishes that appellant's convictions stem from the
> burglary of the residence of Travis Dallos and Tara Black.  On January 8, 2009,
> Dallos and Black returned home and discovered the back door to the residence
> standing open and shattered glass "all over the place."  Among the items missing
> from the residence was a PlayStation 3 game console worth $400.
> The shift manager of a local pawn shop testified that on January 8, 2009,
> the same day as the burglary at Dallos's and Black's residence, appellant entered
> the store and attempted to obtain a loan on a PlayStation 3.  Appellant presented
> identification and filled out the required paperwork in order to collect $100.  The
> form reflected that he owned the game console and had the right to pawn it.  At an
> undisclosed later time, appellant returned to the pawn shop and sold the game
> console for an additional $150.  Upon his arrest, appellant admitted to pawning
> the game console, but insisted he did not break into Dallos's and Black's
> residence.  At his trial, appellant testified that he obtained the game console from
> his housemate and gave him the proceeds from the pawn shop.

---

[7] The affidavit has no jurat and was merely acknowledged before a notary.  An acknowledgment
is used to verify a signature and to prove that an instrument was executed by the person signing
it, whereas a jurat is evidence that a person has sworn as to the truth of the contents of the
document.  In an acknowledgment, unlike a jurat, the affiant does not swear under oath nor make
statements under penalty of perjury.  *See Strong v. Johnson*, 495 F.3d 134, 140 (4th Cir. 2007)
(explaining that jurat uses words "subscribed and sworn" and demonstrates an oath was
administered); *Goode v. Gray*, No. 3:07cv189, 2009 WL 255829, at *2 n.6 (E.D. Va. Feb. 3,
2009).  Thus, the affidavit fails to constitute admissible evidence.

*Tharrington v. Commonwealth*, 715 S.E.2d 388, 389 (Va. Ct. App. 2011). As the appellate court noted, Tharrington testified at trial that he did not break into the residence, and the jury simply discredited his testimony. Tharrington fails to demonstrate that Ms. Caddy's alleged testimony would change that result.

Under Virginia law, "'[p]ossession of goods recently stolen is *prima facie* evidence of guilt of the crime of larceny, and throws upon the accused the burden of accounting for that possession.'" *Dickerson v. Commonwealth*, No. 0090-00-1, 2001 WL 214276, at *1 (Va. Ct. App. Mar. 6, 2001) (alteration in original) (quoting *Hope v. Commonwealth*, 392 S.E.2d 830, 833 (Va. Ct. App. 1990) (en banc)). Similarly, with burglary, "[t]he unexplained or falsely denied exclusive possession of stolen goods shortly after the burglary, 'has the same efficiency to give rise to an inference that the possessor is guilty of breaking and entering as to an inference that he is guilty of the larceny. (*Id.* (quoting *Drinkard v. Commonwealth*, 178 S.E. 25, 28 (Va. 1935)). Tharrington wholly fails to provide an adequate explanation for his possession and subsequent sale of the stolen Play Station to negate the inference that he was guilty of grand larceny, burglary, and larceny with the intent to sell.

In his innocence argument, Tharrington fails to provide any reason why he was purportedly selling this stolen Play Station for Armel. Tharrington also never states he lacked knowledge that the Play Station—that he presented in the pawn shop as his own, and subsequently pawned—had been stolen. Thus, even if Ms. Caddy had testified that she observed Tharrington at his home on the morning of January 8, 2009, and Tharrington accompanied Armel to the pawn shop, Tharrington fails to demonstrate that "'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Sharpe*, 593

F.3d at 377 (quoting *Schlup*, 513 U.S. at 327-28).   Tharrington's weak actual innocence argument fails to allow the Court to reach the merits of his time-barred petition.

Accordingly, it is RECOMMENDED that Respondent's Motion to Dismiss (ECF No. 7) be GRANTED and that the action be DISMISSED AS UNTIMELY FILED.

Tharrington is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof.   Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings.   *See* Fed. R. Civ. P. 72(b).   Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment.   *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of this Report and Recommendation to Tharrington and counsel for Respondent.

It is so ORDERED.

/s/

Roderick C. Young
United States Magistrate Judge

Date: **APR 2 9 2015**
Richmond, Virginia

14